ORIGINAL

**Ruben T. Varela**
2249 Camino Del Sol
Fullerton, California  92833
(714)864-0150
Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ruben T. Varela,** | Case No. **SACV 11-01568** |
| Plaintiff, | **MLG** |
| vs. | **COMPLAINT** |
| **AMERICAN EXPRESS COMPANY,** | |
| Defendant(s) | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff, **Ruben T. Varela**, hereby sues Defendant, AMERICAN EXPRESS

COMPANY, and alleges:

### PRELIMINARY STATEMENT

1.  This is an action for damages brought for violations of the Fair Credit

Reporting Act (FCRA) 15 U.S.C. §1681b.

## JURISDICTION

2.  The Court has jurisdiction under 28 U.S.C. § 1331.  Federal question jurisdiction arises pursuant to 15 U.S.C. §1681p.

## VENUE

3.  Venue is proper pursuant to 28 U.S.C §1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

4.  Plaintiff, Ruben T. Varela, is a natural person residing at 2249 Camino Del Sol, Fullerton, California, 92833.

5.  Defendant, AMERICAN EXPRESS COMPANY ("AMEX"), is a New York Corporation, authorized to do business in California, and resides at 200 Vesey Street, 30th Floor, New York, NY, 10285.

6.  All conditions precedent to the bringing of this action have been performed, waived or excused.

## STATEMENT OF FACTS

7.  The FCRA, under CONGRESSIONAL FINDINGS AND STATEMENT OF PURPOSE, 15 U.S.C. § 1681(a)(4) reads in relevant part:

> *"There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a **respect for the consumer's right to privacy**." (**Emphasis** added.)*

8. The FCRA, under CONGRESSIONAL FINDINGS AND STATEMENT OF PURPOSE, 15 U.S.C. § 1681(b) reads in relevant part:

"(b) *Reasonable procedures.* It is ***the purpose of this title*** to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable ***to the consumer***, with regard to the ***confidentiality***, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title." (***Emphasis added.***)

9. The statute governing "permissible purposes of consumer reports," FCRA 15 U.S.C. § 1681b, provides in pertinent part:

*"(a) In general. Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances **and no other:"** (**Emphasis** added.)*

10. The FCRA 15 U.S.C. § 1681b provides a specific, exhaustive but limited list of circumstances under which a consumer report may be furnished or obtained, with the crucial words in the opening phrase being "***and no other:***" (***Emphasis added.***)

11. Thus, the strictly limited provisions set forth in section 1681b operate to support the ***confidentiality*** of consumer reports by limiting their dissemination.

12. On or about November 25, 2009, **Defendant AT&T initiated a soft pull of Plaintiff's consumer report from** credit reporting agency **Experian** Information Solutions, Inc. ("Experian") **without a permissible purpose,** thus violating the FCRA 15 U.S.C. §1681b(f), **because** at or about the time that Defendant pulled Plaintiff's consumer report, **none of the** specific and **strictly limited circumstances granting permissible purpose under section 1681b, applied to the Defendant**.

13. At or about the time Defendant initiated a soft pull of Plaintiff's consumer report:

A. Plaintiff did not authorize consumer reporting agency Experian to furnish his consumer report to Defendant.

B. Plaintiff did not authorize Defendant to obtain his consumer report from consumer reporting agency Experian.

C. Plaintiff did not apply for any credit, loans or services with Defendant.

D. Plaintiff did not have any contractual relationship for credit, loans or services with Defendant.

E. Plaintiff did not owe any debt to Defendant.

F. Plaintiff did not owe any debt as the result of a judgment to Defendant.

G. Plaintiff did not apply for any employment with Defendant.

H. Plaintiff did not apply for any insurance from Defendant.

I.   Plaintiff did not have any existing account or credit obligation with Defendant.

J.   Plaintiff was not named as an "authorized user" on any account with Defendant.

K.   No court having jurisdiction issued any order to Experian to furnish Plaintiff's consumer report to Defendant.

L.   No head of State or local child support enforcement agency requested Experian to provide Plaintiff's consumer report to Defendant.

M.   No agency administering a State plan under Section 454 of the Social Security Act (42 U.S.C. § 654) requested Experian to provide Plaintiff's consumer report to Defendant.

N.   Plaintiff did not apply for any license or other benefit granted by a governmental instrumentality through Defendant.

O.   Plaintiff did not receive any "firm offer of credit or insurance" from Defendant.

## CLAIM I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681b, WILLFULL NON-COMPLIANCE BY DEFENDANT AMERICAN EXPRESS COMPANY

14.  Paragraphs 1 through 13 are re-alleged as though fully set forth herein.

15.  Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. §1681a(c).

16.  Defendant AMEX is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. §1681-s2.

17.  Defendant AMEX willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) Defendant AMEX willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a "permissible purpose" as defined by 15 U.S.C. §1681b.

## CLAIM II

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681b, NEGLIGENT NON-COMPLIANCE BY DEFENDANT AMERICAN EXPRESS COMPANY**

18.  Paragraphs 1 through 17 are re-alleged as though fully set forth herein.

19.  Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. §1681a(c).

20.  Defendant AMEX is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. §1681-s2.

21.  Defendant AMEX negligently violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) Defendant AMEX negligently violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a "permissible purpose" as defined by 15 U.S.C. §1681b.

22.  Plaintiff has attempted in good faith to resolve these issues amicably, but has been ignored in these matters, thus leaving the Plaintiff no alternative but to seek relief through this Honorable Court.

23.  Plaintiff hereby claims that he has suffered the loss of privacy due to Defendant's willful or negligent violation of the FCRA 15 U.S.C. §1681b(f), by obtaining Plaintiff's consumer report without a "permissible purpose" as defined by 15 U.S.C. §1681b, and is therefore entitled to relief.

## REQUEST FOR RELIEF

WHEREFORE, the Defendant has violated the FCRA, Plaintiff hereby requests:

24.  Judgment for damages against AMEX for statutory damages in the amount of $1,000, attorneys fees and costs, pursuant to 15 U.S.C. §1681n, or 15 U.S.C. §1681o.

25.  Any further relief which the court may deem appropriate.

///

///

///

## **DEMAND FOR JURY TRIAL**

26.  Plaintiff hereby requests a jury trial on all the issues raised in this complaint.

Dated: October 11, 2011

By: _____

Ruben T. Varela
*Plaintiff in Pro Per*